UNITED STATES of America, Plaintiff—Appellee,

v.

Ronald Wade BURRESS, Defendant—Appellant.

No. 01–30212.

D.C. No. CR–98–00207–WLD.

United States Court of Appeals, Ninth Circuit.

Submitted June 10, 2002 *.

Decided June 17, 2002.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before RYMER, T.G. NELSON and THOMAS, Circuit Judges.

MEMORANDUM **

Ronald Wade Burress purports to appeal the district court's restitution order following his conviction for one count of interstate transportation of stolen property in violation of 18 U.S.C. § 2314 and seven counts of money laundering in viola-

tion of 18 U.S.C. § 1956(a)(1)(B)(i) and 18 U.S.C. § 2. We affirm.

The district court's judgment, which included its order of restitution, was final upon entry on June 21, 1999. *See* 18 U.S.C. § 3664(*o*) (providing that a sentence imposing an order of restitution is a final judgment notwithstanding the fact that the sentence can subsequently be corrected, amended, or modified under certain circumstances, including a motion under Fed.R.Crim.P. 35). Burress failed to move for relief under Fed.R.Crim.P. 35(c) or to timely appeal the judgment. *See* Fed. R.App. 4(b).

Nevertheless, on April 19, 2000, Burress sent a letter to the district court alleging that his outstanding restitution obligation was incorrect because the victim had already been compensated for its loss in various ways.[1] The district court construed the letter as a "motion for an order determining the amount of [Burress's] restitution balance" and referred the matter to a magistrate judge. After the parties' submission of various documents and the magistrate judge's report and recommendation, the district court issued an order reducing the restitution owed by $9,650. Burress filed a pro se motion for reconsideration within ten days and filed a timely pro se notice of appeal from the district court's denial of the motion.[2]

On appeal, Burress first attempts to challenge the legality of the district court's restitution order, contending it violates the rule established in *Hughey v.*

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. The district court had earlier reduced Burress's restitution amount by approximately $3600 to account for some payments. Burress did not file a timely notice of appeal from that order.

2. We assume, without deciding, that the district court had jurisdiction to entertain Burress's request for an accounting, and that the district court's order is a final and appealable order over which we may take jurisdiction pursuant to 28 U.S.C. § 1291.

*United States,* 495 U.S. 411, 420, 110 S.Ct. 1979, 109 L.Ed.2d 408 (1990) (holding that the Victim and Witness Protection Act limits the amount of restitution to the loss caused by the specific conduct forming the basis of the offense of conviction), and was not the product of independent judicial examination, *see United States v. Barany,* 884 F.2d 1255, 1259 (9th Cir.1989). This challenge fails. Because Burress did not timely appeal the judgment, this Court lacks jurisdiction over his appeal insofar as it attacks the legality of the district court's judgment. *See* 18 U.S.C. § 3664(*o*); Fed. R.Crim.P. 4(b).

Burress next raises several claims of ineffective assistance of counsel. We decline to address these contentions because the record is not sufficiently developed. *See United States v. Pope,* 841 F.2d 954, 958 (9th Cir.1988) (holding that ineffective assistance claim is better pursued on collateral attack because it permits the defendant to develop a record as to what counsel did, why it was done, and what, if any, prejudice resulted).

■ Finally, Burress contends that the district court erred by not conducting an evidentiary hearing in response to Burress's letters. We conclude that the district court did not abuse its discretion by not holding a hearing, especially given that Burress did not request one. *See United States v. Stein,* 127 F.3d 777, 780–81 (9th Cir.1997).

AFFIRMED.